UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LOREEN ANDERT,                                          :
                                                       :
                            Plaintiff,                 :
                                                       :
v.                                                     :
                                                       :
ALLIED INTERSTATE, LLC,                                :
                                                       :
                            Defendant                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:    _____
DATE FILED: July 17, 2013

12 Civ. 7010 (PAC)

**MEMORANDUM AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 17, 2012, Plaintiff Loreen Andert ("Andert") filed a complaint against

Defendant Allied Interstate, LLC ("Allied") alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (Compl., ECF No. 1).  On November 6, 2012,

Allied, by way of an offer of judgment under Federal Rule of Civil Procedure 68, agreed to settle

for $500.00, "plus reasonable costs and attorneys' fees incurred by [Andert] up to the date of

[the] Offer and Judgment."  (ECF No. 6-2 at 1.)  Andert seeks $4,765.00 in total compensation,

consisting of attorneys' fees, costs, and the offer of judgment. (ECF No. 10 at 2.)  Andert's

attorneys, Kimmel & Silverman, PC (the "Kimmel Firm"), seek $3,915.00 in attorneys' fees,[1]

which Allied opposes on the grounds that both the billing rates and billable hours provided are

unreasonable.  (ECF No. 16.)  For the reasons set forth below, Plaintiff is awarded $2,024.50,

consisting of reasonable attorneys' fees in the amount of $1,174.50, costs in the amount of

$350.00, and the offer of judgment of $500.00.

---

[1]  The Kimmel Firm requested $4,065.00 for attorneys' fees, based on the sum of 4.8 hours billed by Mr.
Kimmel at $425 per hour, 1.7 hours billed by Ms. Bennecoff at $300 per hour, 0.3 hours billed by Ms.
Troccoli at $300 per hour, 5 hours billed by Mr. Kelleher at $225 per hour, 0.4 hours billed by Mr.
Ryan at $155 per hour, and 1.1 hours billed by Mr. Keltz at $80 per hour. (ECF No. 10 at 2–4.)  These
numbers, however, total only $3,915.00.

## **BACKGROUND**

Andert, who lives in South Bend, Indiana, alleges he was subjected to harassing and abusive behavior by Allied, a national debt collection company headquartered in New York, New York.  Andert asserts that, inter alia, Allied made attempts "to collect a debt which it knows [Andert] does not owe," and has called Andert "before 8:00 A.M. and after 9:00 P.M."  (Compl. at 3.)  Andert brought the present action against Allied to recover for seven violations of the FDCPA.  (Id. at 4–7.)  Two months after commencement, Andert accepted Allied's offer of judgment, and the Kimmel Firm submitted its motion for attorneys' fees.  (ECF No. 9.)

Allied opposes the attorney fee application on the grounds that both the Kimmel Firm's rates and actual hours allegedly expended are inflated and inappropriate, pointing to several recent cases in the Southern District of New York (and elsewhere) where the Kimmel Firm's billing rates in similar FDCPA actions have been reduced in light of its improper billing practices.  (ECF No. 16 at 10–15.)  Allied also argues that the total hours billed should also be reduced because "the procedural posture speaks for itself; [Andert] filed the complaint, [Allied] served an offer of judgment, and [Andert] accepted [Allied's] offer of judgment shortly thereafter."  (Id. at 16.)  Additionally, Allied refers to the Kimmel Firm's inflationary billing tactics, such as where it claims administrative tasks like reviewing ECF confirmation emails were repeatedly performed by senior attorneys at higher rates than appropriate for such tasks. (Id. at 17.)  Allied further alleges that the Kimmel Firm has improperly sought to recover fees at rates that have been rejected as too high by courts in this District  (Id. at 18.)  Finally, Allied alleges that the description of work performed for several time entries is too ambiguous to justify the award of fees.  (Id. at 19.)

<u>**DISCUSSION**</u>

I.     **STANDARD FOR DETERMINING REASONABLE ATTORNEYS' FEES UNDER THE FDCPA**

The FDCPA provides for the award of costs and "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).  The mandatory fee-shifting provision of the FDCPA was intended to eliminate "unscrupulous practices" by debt collectors.  <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 33 (2d Cir. 1996).

In determining reasonable attorneys' fees, the Court considers "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case."  <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011); <u>e.g.</u>, <u>Reith v. Allied Interstate, Inc.</u>, No. 12 Civ. 4278 (PKC), 2012 WL 5458007, at *1 (S.D.N.Y. Nov. 8, 2012).  "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious [ ] case."  <u>Perdue v. Kenny A. ex rel. Winn</u>, 130 S. Ct. 1662, 1672 (2010) (quotations omitted); <u>see</u> <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984) ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." (quotations and alterations omitted)).  In assessing whether total attorneys' fees are reasonable, courts in the Second Circuit also consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to accepting the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citations omitted).

In determining a reasonable billing rate, the Court considers what rate "a paying client would be willing to pay." Id. at 190.  A reasonable rate includes an assessment of the value of the actual tasks performed.  See Barile v. Allied Interstate, Inc., No. 12 Civ. 916 (LAP) (DF), 2013 WL 795649, at *3 (S.D.N.Y. Jan. 30, 2013) ("Where an attorney has billed time for performing 'administrative tasks' such as copying or organizing documents, sending faxes, or filing documents with the court, such time should not be compensated at an attorney-level billing rate.") report and recommendation adopted by 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013).

In determining reasonable hours billed, where "the number of hours stated is greater than should have been required, the Court should reduce the stated hours accordingly." Barile, 2013 WL 795649, at *2 (citations omitted).  Reductions are also warranted "where the proffered attorney time records are vague or otherwise inadequate to enable the Court to determine the reasonableness of the work performed or the time expended." Id. (citations omitted)).

Additionally, the Court may adopt broad-based percentage deductions to adjust for inflated billing where "hours . . . are excessive, redundant, or otherwise unnecessary." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quotations omitted).  For example, the Court may "deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" Id. (quotations omitted).  The Court is mindful that although detail and transparency are necessary to support a request for attorneys' fees, "detail often hides exaggeration and excess." Barile, 2013 WL 795649, at *7.

Finally, the FDCPA entitles plaintiffs to "the costs of the action." 15 U.S.C. § 1692k(a)(3).  Plaintiffs, however, must substantiate any requested costs by providing proof that said costs were sustained: "[A] mere assertion that a certain cost was incurred . . . is insufficient." Barile, 2013 WL 795649, at *4.

II.    **ANALYSIS**

A.    **Inflationary Billing Practices of the Kimmel Firm**

Several courts in this District have found that the Kimmel Firm engaged in inflationary billing practices in similar FDCPA cases with almost identical facts. See, e.g., Barile, 2013 WL 795649; Ryan v. Allied Interstate, Inc., 882 F. Supp. 2d 628, 637 (S.D.N.Y. 2012).  In Barile, the Kimmel Firm's request for attorneys' fees in 26 separate FDCPA actions averaged approximately $4,000.00, but was reduced by the court by an average of 50% because the billing records submitted were inflated in terms of hours billed, billing rate applied, and overall legal services performed.  See Barile, 2013 WL 795649, at **4–37.  Similarly, in Ryan, the court reduced the fee sought where the Kimmel Firm sought fees for non-compensable entries based on inflated hours.  See Ryan, 882 F. Supp. 2d at 632–37.  This action is substantially similar to these actions, but nonetheless the Kimmel Firm again seeks an inflated amount in attorneys' fees. See also Reith, 2012 WL 5458007, at **2–3 (reducing excessive fees sought by Kimmel Firm).

The inflated amount sought is based on the same inflationary billing tactics rejected by courts in this District and around the country.  For example, many of the tasks billed at a partner-level rate could have been performed equally well by a junior attorney or a paralegal, such as administrative tasks.  The billing rates applied are also substantially higher than rates found to be reasonable in recent FDCPA cases involving the Kimmel Firm.  See, e.g., Barile, 2013 WL 795649, at **4–7; Reith, 2012 WL 5458007, at **2–3; Muise v. Allied Interstate, Inc., No. 12 Civ. 1317 (TPG), 2012 WL 4044699 (S.D.N.Y. Sept. 12, 2012); Ryan, 882 F. Supp. 2d at 632–35.  Moreover, the number of hours billed is excessive, as the total consists of many "0.1 hours" entries for tasks that entail trivial effort at best.  For example, Mr. Kimmel included a time entry of "0.7 hours" for merely reviewing the receipt of seven ECF confirmation emails, billing 0.1

hours for each ECF email received. (ECF No. 15-1.)  See, e.g., Barile, 2013 WL 795649, at *7;

Ryan, 882 F. Supp. 2d at 637 (highlighting same tactic).   In addition, several other attorneys—

Ms. Bennecoff, Ms. Troccoli, and Mr. Kelleher—billed for unnecessarily duplicative work such

as e-mails, telephone calls, direct conversations, and the creation and review of internal memos

and the client's case file.  As in the similar actions noted above, the apparent detail in the

Kimmel Firm's records in fact conceals inflated attorneys' fees, and warrants a downward

adjustment in total fees.  See, e.g., Barile, 2013 WL 795649, at *7.

**B.    Determination of Reasonable Total Attorneys' Fees & Costs**

After a review of the materials submitted, the Court determines that a 70% reduction in

the attorneys' fees requested is warranted, particularly in light of the repeated admonishments

courts across the country have given to the Kimmel Firm regarding its billing practices, and finds

that a fee of $1,174.50 represents a sufficient sum to induce counsel to represent clients in

matters like this.  This fee award is in line with reductions imposed on the Kimmel Firm in

similar cases.  See, e.g., Barile, 2013 WL 795649, at **4–37; Ryan, 882 F. Supp. 2d at 637.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for attorney' fees is GRANTED IN

PART, and the Kimmel Firm is awarded $1,174.50 in attorneys' fees and $350.00 in costs, and

Plaintiff is awarded the $500.00 in the offer of judgment.  The Clerk of the Court is directed to

enter judgment in favor of plaintiff in the amount of $2,024.50.

Dated: New York, New York
        July 17, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge